IN THE UNITED STATES DISTRICT COURT
FOR THE SOURTHERN DISTRICT OF IOWA

| | |
|---|---|
| **UNITED STATES** | ) |
| | ) |
|        **Plaintiff,** | ) |
| | ) |
|        v. | ) Criminal No. 4:15-CR-103 |
| | ) |
| **JESSE R. BENTON** | ) |
| **DIMITRIOS N. KESARI,** | ) |
| | ) |
|        **Defendant.** | ) |
| | ) |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S RULE 29 MOTION FOR JUDGMENT OF ACQUITTAL**

I. Introduction

Defendant, Dimitrios N. Kesari, respectfully moves this Honorable Court, pursuant to Rule 29(a) of the Federal Rules of Criminal Procedure, for a judgment of acquittal on the grounds that the evidence presented by the United States at trial was insufficient to sustain a conviction of the Defendant under Count II of the Indictment.

In addition to the arguments set forth herein, Defendant incorporates the arguments set forth in his Motion for Judgment of Acquittal made orally on the record at the close of the Government's case, the arguments set forth in his Motion for Judgment of Acquittal made orally on the record at the close of the Defendant's case, Mr. Benton's Motion for Acquittal (Dkt. 281), Mr. Benton's Motion to Dismiss Indictment for Prosecutorial Misconduct and Selective

Prosecution and Memorandum in support thereof (Dkt. 99), and Mr. Tate's Motions to Dismiss and Memorandums in support thereof (Dkt. 127 and Dkt. 176).

The United States failed to provide evidence sufficient to meet the critical elements of the crime charged in count II of the indictment - that Mr. Kesari had the requisite mens rea. That is, based upon the evidence presented, the United States cannot prove beyond a reasonable doubt that Mr. Kesari knowingly and willfully falsified a document in a federal investigation in violation of 18 U.S.C. § 1519. The Government's evidence, even when viewing it in the light most favorable to the United States, is simply insufficient to prove that Mr. Kesari had the requisite intent to commit this offense beyond a reasonable doubt. Accordingly, Mr. Kesari must be acquitted.

## II. Standard

Rule 29(a) provides: "After the Government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction."

"The standard for determining the sufficiency of the evidence is strict, and a guilty verdict should not be lightly overturned." (*citing United States v. Ryan*, 227 F.3d 1058, 1063 (8th Cir. 2000)). "Sufficient evidence exists to support a verdict if 'after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Jiminez-Perez*, 238

F.3d 970, 972 (8th Cir. 2001) (*quoting Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

**III. Argument**

The key to this Rule 29 motion is whether the prosecution provided evidence beyond a reasonable doubt that the Defendant violated 18 U.S.C. § 1519.

> A. **The Government failed to present evidence that Mr. Kesari willfully made or caused to be made a false entry in a record or document.**

Pursuant to the Court's jury instructions, in order to sustain a conviction under Count II of the Indictment, the Government had the burden to prove beyond a reasonable doubt that, "between February 2012 and August 2012 defendant Dimitrios N. Kesari knowingly made a false entry in a record or document; two, the defendant did so with the intent to impede, obstruct, or influence the proper administration of a matter; and three, the matter was within the jurisdiction of the Federal Election Commission, which is an agency of the United States." Dkt. 280 at page 9.

For the reasons set forth on the record, which are incorporated herein, the jury should have been instructed that as to element one, they must determine whether Dimitrios N. Kesari knowingly and *willfully* made or caused to be made a false entry in a record or document. Had the jury been correctly instructed they most certainly would have had the same difficulty that they had on Counts III and IV as to the determination on willfulness. Indeed, given that the court applied the heightened mens rea requirement to the other FEC

charges and the underlying false statements and false records are the reports filed with the FEC, it also makes sense that the heightened mens rea standard found in FECA apply to 18 U.S.C. § 1519 as well.

A determination on willfulness, would have rightfully required the jury to find that Mr. Kesari acted knowingly, purposely, and with the intent to do something the law forbids.  *Id.*  The Government presented zero evidence in this regard and therefore Mr. Kesari must be acquitted.

### B. The Government failed to present evidence that Mr. Kesari knowingly made a false entry.

Even based on the instructions given by the court, the United States failed to present sufficient evidence to prove the first and second element required for Count II—that the Defendant knowingly made a false entry in a record or document and did so with the intent to impede, obstruct, or influence the proper administration of a matter.

Count II charges Mr. Kesari with "causing false records" under 18 U.S.C. § 1519.  Under the explicit language of the statute, the Government was required to put on evidence that Mr. Kesari actually made a false entry. Specifically, 18 U.S.C. § 1519 states that "whoever knowingly alters, destroys, mutilates, conceals, covers up, falsifies, or makes a false entry in any record, document, or tangible object with the intent to impede, obstruct, or influence the investigation or proper administration of any matter within the jurisdiction of any department or agency of the United States or any case filed under title 11, or in relation to or contemplation of any such matter or case, shall be fined under this title, imprisoned not more than 20 years, or both."

The instruction given by the court was incorrect and therefore misleading to the jury.  Contrary to the Court's instruction, the statute neither contemplates nor prohibits the *causing* of a false entry in a record or document. Rather, 18 U.S.C. § 1519 explicitly pertains to the act of *making* a false record.  The Government put on no evidence that Mr. Kesari made a false entry in a record or document at any time.

Moreover, the jury was instructed that an act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident.   Dkt. 280 at page 15.  From the Defendant's actions, as shown by the Government's evidence, it cannot be reasonably inferred that the Defendant knowingly made or caused to be made a false entry in a record or document or did so with the requisite intent.  Indeed, the evidence presented has proven the contrary.   Specifically, the testimony of Lori Pyeatt was that she was responsible for the completing the requisite disclosures for the Ron Paul 2012 Presidential Campaign and that Mr. Kesari had no involvement in this process.

Indeed, the evidence presented by the United States at trial is insufficient to prove that Mr. Kesari knowingly and willfully falsified a document in a federal investigation in violation of 18 U.S.C. § 1519.  For that reason and for the reasons set forth above, Mr. Kesari must be acquitted.

Dated:  November 4, 2015

HARVEY & BINNALL, PLLC

/s/ Susannah E. Smith

_____

Jesse R. Binnall
Susannah E. Smith
717 King Street, Suite 300
Alexandria, Virginia  22314
(703) 888-1943
(703) 888-1930 – facsimile
jbinnall@harveybinnall.com
ssmith@harveybinnall.com
*Counsel for Dimitri Kesari*

**CERTIFICATE OF SERVICE**

    I hereby certify that on November 4, 2015, I filed the foregoing using the Clerk's CM/ECF system, which will provide notice to all counsel of record.

/s/ Susannah E. Smith
_____
Susannah E. Smith