IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Criminal No. 4:15-CR-103-JAJ-HCA |
| v. | ) |
| | ) GOVERNMENT'S RESPONSE TO |
| JESSE R. BENTON, | ) DEFENDANT DIMITRIOS KESARI'S |
| JOHN TATE, and | ) MOTION REGARDING (ALLEGED) FAILURE |
| DIMITRIOS N. KESARI | ) TO PRODUCE NOTES OF WITNESS |
| | ) INTERVIEWS (DKT. 545) |
| Defendants. | ) |

Defendant Dimitrios Kesari filed a motion to dismiss the charges against him on the ground that the government failed to produce notes and witness statements produced in the course of meetings with Kent Sorenson.

As the government noted in oral argument on this motion on May 3, 2016, we have produced all notes taken by agents during meetings with Mr. Sorenson, as well as all reports of interviews of Mr. Sorenson. But that is not all. In addition, on February 24, 2016, on its own initiative, the government disclosed the date of every meeting it had had to date with Mr. Sorenson. A copy of that disclosure letter is in the record, attached as Exhibit B to Docket Entry 443. Following February 24, the government disclosed all notes and interview reports generated after that date, including disclosures for meetings that occurred on March 8, April 24, April 25, April 27, and April 28, 2016. Contrary to defendant Kesari's claim, the government has nothing left to disclose.

Defendant Kesari seems to contend that the government has an obligation to memorialize everything that is said at every meeting that occurs with a witness. That is not so—and defendant Kesari musters no legal support at all for that proposition. The only case he does cite is *United States v. Rodriguez*, 496 F.3d 221, 226 (2d Cir. 2007), in which the Second Circuit confirmed the principle that "[t]he obligation to disclose information covered by the *Brady* and *Giglio* rules exists

without regard to whether that information had been recorded in tangible form." As the government has repeatedly affirmed in Court—and as the cross examinations of Mr. Sorenson at both trials have illustrated—the government has memorialized and produced any and all information regarding Mr. Sorenson that it possesses which may arguably qualify as discoverable under *Brady* and *Giglio*, and has produced every memorialization of meetings with Mr. Sorenson that it possesses.

The fact of the matter is that the government has met and exceeded its discovery obligations in this case—with respect to Mr. Sorenson, other witnesses, and all matters. Defendant Kesari's motion is meritless and should be denied.

Respectfully submitted,

RAYMOND N. HULSER
Chief, Public Integrity Section

By:   /s/ J.P. Cooney
Richard C. Pilger
Director, Election Crimes Branch
J.P. Cooney
Deputy Chief
Public Integrity Section
Criminal Division
United States Department of Justice
Criminal Division
Tel. (202) 514-1412 (office)
Fax: (202) 514-3003
Email:   richard.pilger@usdoj.gov
          joseph.cooney2@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on May 11, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. I hereby certify that a copy of this document was served on the parties or attorneys of record by:

____U.S. Mail _____ Fax _____Hand Delivery

  X   ECF/Electronic filing     ____Other means (e-mail)

RAYMOND N. HULSER
Chief, Public Integrity Section

By:     /s/ J.P. Cooney
        J.P. Cooney
        Deputy Chief
        Public Integrity Section